# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| **H-D U.S.A., LLC and HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC,** | Case No. 16-CV-1239 |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION** |
| **FOREVER 21, INC.,** | |
| Defendant. | **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiffs H-D U.S.A., LLC and Harley-Davidson Motor Company Group, LLC (Plaintiffs and their predecessors in interest, together with their parents, subsidiaries, and affiliated companies are collectively referred to as "Harley"), by their undersigned attorneys, allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1.      This is a civil action for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, Wisconsin state law, and common law.  Harley seeks equitable and monetary relief for the actions of Forever 21, Inc. ("Forever 21") that constitute willful violations of Harley's trademark rights in its famous and federally registered Bar & Shield logo trademarks shown below (collectively, the "Bar & Shield Logo").



2.     Forever 21 has used counterfeit reproductions of Harley's Bar & Shield Logo on motorcycle jackets as shown by the representative example below in an unauthorized manner that falsely suggests and is likely to create the mistaken impression that Forever 21 and/or its products, services, and commercial activities are sponsored by, approved by, affiliated with, connected with, or originate from Harley, when they are not.



2

3. Forever 21's unlawful activities described below infringe Harley's Bar & Shield Logo, are likely to dilute and tarnish Harley-Davidson's famous Bar & Shield Logo, and constitute unfair competition, and have caused and will continue to cause, unless enjoined, irreparable harm to Harley, Harley's Bar & Shield Logo, and the consuming public.

4. Harley seeks injunctive and other relief from Forever 21's unauthorized use of Harley's Bar & Shield Logo, including without limitation an injunction enjoining Forever 21 from engaging in its unlawful activities, statutory damages for counterfeiting, Forever 21's profits, Harley's actual damages, and Harley's attorneys' fees and costs.

## THE PARTIES

5. Plaintiff H-D U.S.A., LLC is a Wisconsin limited liability company having a principal place of business at 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208, and is the owner of the trademark asserted in this action, *i.e.*, the Bar & Shield Logo.

6. Plaintiff Harley-Davidson Motor Company Group, LLC d/b/a Harley-Davidson Motor Company is a Wisconsin limited liability company having its principal place of business at 3700 W. Juneau Avenue, Milwaukee, Wisconsin 53208, and is a licensee of the Bar & Shield Logo.

7. Defendant Forever 21, Inc. is a Delaware corporation having a principal place of business located at 3880 North Mission Road, Los Angeles, California 90031. Forever 21 is not an authorized licensee of Harley's Bar & Shield Logo.

## JURISDICTION AND VENUE

8. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051*, et seq.*, Wisconsin state law, and common law.

9.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Because the parties are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332.  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction because those claims are substantially related to the federal claims.

10.      This Court has personal jurisdiction over Forever 21 and venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).  Venue is also proper because Forever 21 is subject to personal jurisdiction in this District.  Forever 21 has transacted business in this District using Harley's Bar & Shield Logo.  Harley's claims arise in this District, where a substantial portion of the activity about which Harley complains has taken place.

## HARLEY, ITS PRODUCTS AND SERVICES, AND ITS BAR & SHIELD LOGO

11.      Harley is a world-famous manufacturer of motorcycles and a wide variety of other products and services, including apparel products.

12.      Founded in 1903, Harley has manufactured, promoted, and sold motorcycles and related products for over 110 years.

13.      Harley owns the exclusive right to use its Bar & Shield Logo and variations thereof for motorcycles and related products and services, including clothing and accessories.

14.      Since at least as early as 1910, Harley has used the distinctive Bar & Shield Logo mark and variations thereof in the U.S. for motorcycles and related products and services.  Harley's rights in the Bar & Shield Logo extend to the mark's design (*i.e.*, the bar and shield design), regardless of the wording contained within the bar and shield design elements.

4

15.     Harley's Bar & Shield Logo is often displayed in Harley's corporate colors of orange, black, and white as shown below.



16.     Since at least 1915, Harley has used the Bar & Shield Logo in connection with apparel.

17.     Since at least 1977, Harley has used the Bar & Shield Logo in connection with embroidered patches.

18.     Over the years, Harley has expanded its business to include a wide range of other products and services, including but not limited to accessories, signs, collectibles, and more. Harley has extensively promoted its Bar & Shield Logo across Harley's extensive line of products and services over the years.

19.     Harley has used its Bar & Shield Logo for decades in connection with clothing, headwear, and footwear.  These products include a wide variety of jackets, including leather jackets and jackets bearing embroidered patches.  Apparel—both apparel products sold by Harley and by its licensees as discussed below—is a significant part of Harley's business.

20.     Over the years, Harley has offered, itself and through authorized licensees, riding gear, jackets, t-shirts, shirts, sweatshirts, and numerous other apparel products bearing its Bar & Shield Logo.  Representative photographs of Harley's apparel products bearing its Bar & Shield Logo are shown below.

5






Case 2:16-cv-01239-LA   Filed 09/14/16   Page 6 of 22   Document 1




21.     Harley has also offered over the years, itself and through authorized licensees, patches bearing Harley's Bar & Shield Logo.  Representative photographs of such patches bearing Harley's Bar & Shield Logo are shown below.

**Harley-Davidson®
Bar & Shield Patch Medium
Orange 5-5/8'' W x 4-5/8'' H**



**Harley-Davidson Long
Bar & Shield Patch SM
4 1/2'' x 2 15/16'**



**Harley-Davidson® Classic
B&S Medium Patch**



**Harley-Davidson Studded
Blank Bar & Shield Emblem,
3 x 2.5 Inch Patch**



**Harley-Davidson® Blank
B&S Medium Patch**



**Harley-Davidson® Bar &
Shield, Neon Orange XS
Patch**



7

22. Numerous authorized licensees of Harley in the U.S. sell and have sold for decades a wide range of merchandise under the Bar & Shield Logo, including licensees specifically for various apparel products and/or patches.

23. Harley has standards and guidelines to which all authorized licensed products branded with its Bar & Shield Logo, including apparel and patches, must adhere. These standards and guidelines allow Harley to control the quality and appearance, among other things, of licensed products offered in connection with its Bar & Shield Logo. Moreover, all licensed merchandise, including apparel, is subject to Harley's prior written approval before it is manufactured, promoted, and sold to the public by Harley's licensees.

24. Harley's Bar & Shield Logo has been extensively promoted nationwide across Harley's many product lines. Harley markets and sells motorcycles, apparel, patches and accessories products under its Bar & Shield Logo through a network of more than 690 authorized dealers located throughout the country, and through numerous other retail outlets, including high-profile and highly-trafficked outlets (*e.g.*, stores located at popular airports).

25. Harley's apparel products and patches are also sold through the HARLEY-DAVIDSON.COM website, authorized dealers' websites, and/or websites of Harley's authorized licensees.

26. Harley and its authorized dealers and licensees have sold many billions of dollars of products and services under the Bar & Shield Logo over the years, and have expended many millions of dollars advertising and this mark through virtually every media. For example, Harley has promoted its products and services under this mark through dealer promotions, customer events, industry events, motorcycle enthusiast events, direct mailings, national television, print, and radio advertisements, and the Internet.

27.     Harley, its products and services, and its Bar & Shield Logo have all received significant unsolicited media coverage for many years, including, for example, in national publications such as *Business Week, The Chicago Tribune, The New York Times, The Wall Street Journal, The Washington Post,* and *USA Today,* as well as in numerous national television programs and online publications and websites, such as MSNBC, CNN Money, CNN.COM, and Yahoo!

28.     As a result of Harley's significant promotional efforts, commercial success, and popularity for decades, the HARLEY-DAVIDSON brand has been ranked annually for the past decade among the top 100 most valuable brands in the world by Interbrand, a leading independent branding firm.  In 2015, Interbrand estimated the value of the HARLEY-DAVIDSON brand at US $5.46 billion.  In 2016, Tenet Partners ranked the HARLEY-DAVIDSON brand as the 11th Most Powerful Brand in its Top 100 Most Powerful Brands of 2016 report.

29.     Based on Harley's longstanding and extensive use of the Bar & Shield Logo, and the widespread advertising, publicity, promotion, and substantial sales of products and services under this mark, the Bar & Shield Logo has been well known and famous to both the general public and the motorcycling public for many years.

30.     In *H-D Michigan LLC v. Broehm*, Opposition No. 91177156, the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("Board") expressly held that Bar & Shield Logo was "a famous mark for at least motorcycles, clothing, and headwear," and that the mark was famous "regardless of wording or other matter" inside of the design elements of the Bar & Shield Logo.  2009 WL 1227921, at *5 (TTAB 2009).

## HARLEY'S TRADEMARK REGISTRATIONS

31.     In addition to its longstanding and strong common-law rights in its Bar & Shield

Logo, Harley owns, among others, the following federal registrations:

| Mark | Reg. No.<br>Reg. Date | Goods and Services |
|---|---|---|
| | 3393839<br>03-11-2008 | House mark for a full line of clothing, footwear and headwear |
| | 1511060<br>11-01-1988 | Clothing, namely, boots, sweat shirts, jeans, hats, caps, scarves, motorcycle riding suits, neck ties, shirts, t-shirts, jackets, vest, ladies tops, bandanas |
| | 1571032<br>12-12-1989 | Clothing, namely, jeans, t-shirts and jackets |
| | 3185946<br>12-19-2006 | Jackets, baseball hats, caps, shirts and T-shirts |
| | 1741456<br>12-22-1992 | Embroidered patches and belt buckles not of precious metals. |
| | 1711882<br>09-01-1992 | Embroidered patches for clothing. |
| | 1205380<br>08-17-1982 | Motorcycles<br><br>Clothing-namely, T-shirts |

| Mark | Reg. No.<br>Reg. Date | Goods and Services |
|---|---|---|
|  | 3058720<br><br>02-14-2006 | Retail store services and distributorships in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods; rendering technical assistance in the establishment, operation, and business promotion of retail stores; retail store services in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods therefor via a global computer network; dealerships in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods. |
|  | 1660539<br><br>10-15-1991 | Motorcycles and motorcycle parts; namely, air cleaners, drive belts, belt guards, brakes, chains, clutches, crankcases, engine cylinders, fenders and fender supports,  footboards, forks, fuel tanks, leg guards, handlebars, cylinder heads, oil filters, oil pumps, seats, shock absorbers, backrests, wheels, and windshields<br><br>Belts, chaps, denim pants, gloves, hats, caps, jackets, neckties, night shirts, pants, rain suits, shirts, socks, suspenders, sweaters, sweatshirts, tank tops, athletic shoes, shoes, boots, t-shirts, underwear, vests, and wristbands.<br><br>Belt buckles not made of precious metal, boot chains, and embroidered patches for clothing.<br><br>(Among other goods and services in Classes 8, 9, 11, 14, 16, 18, 20, 21, 24, 27, 28, and 34.) |
|  | 1263936<br>01-17-1984 | Clothing-Namely, T-Shirts, Jackets, Blue Jeans, Sweat Shirts, Underwear, Bandanas, Headwear, Socks, Boots, Cycle Riding Suits, Belts and Suspenders.<br><br>Embroidered patches, belt buckles all of non-precious metals.<br><br>(Among other goods and services in Classes 6, 9, 11, 12. 14, 16, 18, 20, 21, 24, 26, and 34.) |

32.     The federal trademark registrations listed above are prima facie evidence of

Harley's ownership and the validity of the Bar & Shield Logo.  (Attached as Exhibit A are

printouts of the U.S Patent and Trademark Office TESS database records for all of the federal

trademark registrations listed in Paragraph 31.)  Further, many of these registrations are

incontestable, and thus constitute conclusive evidence of Harley's exclusive right to use this

mark for the products and/or services specified in those registrations pursuant to 15 U.S.C. §§

1065 and 1115(b).

33.     Harley also owns the following Wisconsin state trademark registrations for the

Bar & Shield Logo:

| Mark | Reg. Date | Goods and Services |
|------|-----------|--------------------|
|  | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |
|  | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |

**FOREVER 21'S WRONGFUL ACTS**

34.     Forever 21 uses and has used Harley's Bar & Shield Logo in unauthorized ways

that falsely suggest and are likely to create the mistaken impression that Forever 21 and/or

Forever 21's products came from Harley or are authorized, approved, and/or licensed by Harley

when they are not.

35.     Forever 21 has advertised, promoted, distributed, manufactured, offered for sale,

and/or sold a motorcycle-style jacket bearing a counterfeit of Harley's Bar & Shield Logo (the

"Infringing Product") on its website at www.forever21.com and in its retail stores as shown by

the representative images of the Infringing Product below.

 

36.     The Infringing Product bears an orange, black, and white patch with a counterfeit reproduction of Harley's Bar & Shield Logo.  Below is a side-by-side comparison of the patch on the Infringing Product and Harley's Bar & Shield Logo.

| The Infringing Product | Harley's Bar & Shield Logo |
|---|---|



37.     Forever 21's actions described above have damaged and irreparably injured and, if permitted to continue, will further damage and injure Harley, Harley's Bar & Shield Logo, Harley's reputation and goodwill associated with this mark, Harley's reputation for high-quality products and services, and the public interest in consumers being free from confusion.

38.     Forever 21's actions as described above have caused and are likely to continue to cause confusion, mistake, and deception as to the source or origin of the Infringing Product and have falsely suggested and are likely to continue to falsely suggest a sponsorship, connection, license, affiliation, or association between Forever 21 and/or its Infringing Product with Harley, Harley's Bar & Shield Logo, and/or Harley's products and services.

39.     Forever 21's actions described above are likely to dilute the distinctiveness of Harley's famous Bar & Shield Logo, and are also likely to tarnish the Bar & Shield Logo, thereby injuring Harley.

40.     Harley has no adequate remedy at law.

41.     Forever 21 knew or should have known that its activities described above constituted trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition, and thus Forever 21 acted knowingly and willfully, in reckless disregard of the truth, and in bad faith.

## FIRST CLAIM FOR RELIEF
### Trademark Counterfeiting Under Section 32(1)
### of the Lanham Act, 15 U.S.C. § 1114(1)

42.     Harley repeats and realleges each and every allegation set forth above.

43.     Harley owns a number of federal trademark registrations for its Bar & Shield Logo for various goods and services, including apparel and patches.

44.     Without Harley's consent, Forever 21 intentionally used in commerce Harley's Bar & Shield Logo and/or substantially indistinguishable variations or counterfeits thereof, as defined under 15 U.S.C. § 1116(d)(1)(B)(i), in connection with the sale, offering for sale, and/or distribution of the Infringing Product.

45.     Without Harley's consent, Forever 21 reproduced, counterfeited, copied, and/or colorably imitated the Bar & Shield Logo, and applied such reproductions, counterfeits, copies, and/or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements, as defined under 15 U.S.C. § 1116(d)(1)(B)(ii), intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of the Infringing Product in a manner likely to cause confusion, or to cause mistake, or to deceive.

46.     Forever 21's actions described above are likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of the Infringing Product, Forever 21's services, and commercial activities, and thus constitute counterfeiting of Harley's famous and federally registered Bar & Shield Logo in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     The actions of Forever 21 described above have at all times relevant to this action been willful and/or knowing.

48.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

49.     Harley has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement Under Section 32(1)**
**of the Lanham Act, 15 U.S.C. § 1114(1)**

50.     Harley repeats and realleges each and every allegation set forth above.

15

51.     Forever 21 used and continues to use in commerce the Bar & Shield Logo and reproductions, copies, and colorable imitations thereof in connection with the offering, sale, distribution, and advertising of goods and services, which are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Product, Forever 21's services, and Forever 21's commercial activities, and thus constitute infringement of the Bar & Shield Logo referred to above in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     The actions of Forever 21 described above have at all times relevant to this action been willful and/or knowing.

53.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

54.     Harley has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

55.     Harley repeats and realleges each and every allegation set forth above.

56.     Forever 21's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Product and Forever 21's commercial activities, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to Harley's Bar & Shield Logo in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

57.     The actions of Forever 21 described above have at all times relevant to this action been willful.

58.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

59.     Harley has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution Under Section**
**43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

60.     Harley repeats and realleges each and every allegation set forth above.

61.     Harley has engaged in extensive nationwide advertising, promotion, and use of the Bar & Shield Logo for many years.  Further, Harley has had massive sales of goods and services bearing the Bar & Shield Logo for decades.

62.     The Bar & Shield Logo has for many years received extensive unsolicited media attention nationwide.  Such extensive and frequent media attention and commercial success has had a substantial impact on the public and has long created an association in the minds of consumers between Harley and the Bar & Shield Logo, such that the Bar & Shield Logo is famous and was famous nationwide before Forever 21 commenced its unauthorized use of the this mark.

63.     Forever 21's actions described above, all occurring after the Bar & Shield Logo became famous, are likely to cause dilution by blurring and dilution by tarnishment of the distinctive quality of this trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

64.     The actions of Forever 21 described above have at all times relevant to this action been willful.

65.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

66.     Harley has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Trademark Infringement
### <u>Under Wis. Stat. § 132 et. seq.</u>

67.     Harley repeats and realleges each and every allegation set forth above.

68.     Forever 21's actions in making use of the Bar & Shield Logo with intent to deceive as to the affiliation, connection, or association of Forever 21 with Harley in the conduct of their business without the authorization of Harley as set forth above constitutes statutory trademark infringement of the Wisconsin-registered Bar & Shield Logo in violation of Chapter 132 of the Wisconsin Statutes.

69.      The actions of Forever 21 described above have at all times relevant to this action been willful.

70.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

71.     Harley has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement, Unfair
### <u>Competition, and Misappropriation</u>

72.     Harley repeats and realleges each and every allegation set forth above.

73.     Forever 21's actions described above with respect to the unauthorized use of Harley's Bar & Shield Logo constitute common law trademark infringement, unfair competition, and misappropriation of Harley's goodwill under the common law.

74.     The actions of Forever 21 described above have at all times relevant to this action been willful.

75.     As a direct and proximate result of the actions of Forever 21 as alleged above, Harley has been and will continue to be damaged and irreparably harmed.

76.     Harley has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Harley prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      An injunction preliminarily and permanently enjoining Forever 21 and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, retailers, and all persons in active concert or participation with any of them (including their Internet Service Providers (ISPs)):

1.      From using and/or registering the Bar & Shield Logo in any form, including but not limited to in connection with any other wording or designs, and from using and/or registering any other marks, logos, designs, designations, or indicators that are confusingly similar to the Bar & Shield Logo or likely to dilute the distinctiveness of or tarnish the Bar & Shield Logo, in an any unauthorized manner including, but not limited to, use on products, including without limitation the Infringing Product, product packaging and labeling, websites, social media sites, signage, and promotional and advertising materials; and as or as part of any trademarks, business names, metatags, screen names, social media names, keywords, or other identifiers.

2.      From representing by any means whatsoever, directly or indirectly, that Forever 21 or any products or services offered by Forever 21, including without limitation the Infringing Product, or any activities undertaken by Forever 21, emanate from Harley, or are authorized, licensed, or otherwise affiliated with or sponsored or endorsed by Harley;

3. From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs A.1-2 above.

B. An Order directing Forever 21 to destroy all unauthorized products and items that bear the Bar & Shield Logo and/or any other marks, logos, designs, designations, or indicators that are confusingly similar to the Bar & Shield Logo or likely to dilute the distinctiveness of or tarnish the Bar & Shield Logo, including without limitation the Infringing Product, and to confirm such destruction in writing to Harley, and to provide to Harley the identity and complete contact information for all persons and entities from which Forever 21 obtained the Infringing Product including, but not limited to, manufacturers, wholesalers, distributors, retailers and all others that assisted or enabled Forever 21 to make, advertise, promote, sell, distribute, and transport the Infringing Product.

C. An Order requiring Forever 21 to pay Harley the cost for corrective advertising and/or to engage in corrective advertising in a manner directed by the Court.

D. An Order directing Forever 21 to file with this Court and serve on Harley's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction and other orders issued by the Court.

E. An Order requiring Forever 21 to pay statutory damages in accordance with 15 U.S.C. § 1117(c) of $2,000,000 per mark per type of product or service sold, offered for sale, or distributed by Forever 21 bearing marks deemed to be counterfeits of the Bar & Shield Logo.

F. An Order requiring Forever 21 to account for and pay to Harley any and all profits arising from the foregoing acts of counterfeiting, infringement, dilution, false designation

of origin, and unfair competition, and an increasing of such profits for payment to Harley in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

G.     An Order requiring Forever 21 to pay Harley compensatory damages in an amount as yet undetermined caused by the foregoing acts of counterfeiting, infringement, dilution, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Harley in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

H.     An Order requiring Forever 21 to pay Harley punitive damages in an amount as yet undetermined caused by the foregoing acts of Forever 21;

I.     An Order requiring Forever 21 to pay Harley's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws; and

J.     Other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Harley respectfully demands a trial by jury for all claims so triable.

Respectfully submitted,

Dated this 14th day of September, 2016

By: _____s/Katherine W. Schill_____

Katherine W. Schill, SBN 1025887
**MICHAEL BEST & FRIEDRICH LLP**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
kwschill@michaelbest.com
Phone:  (414) 223-2527
Fax:  (414) 277-0656

**KELLY IP, LLP**
David M. Kelly
Stephanie H. Bald
Anjie Vichayanonda
1919 M Street NW, Suite 610
Washington, D.C. 20036
david.kelly@kelly-ip.com
stephanie.bald@kelly-ip.com
anjie.vichayanonda@kelly-ip.com
Phone:  (202) 808-3570
Fax:  (202) 354-5232

**Attorneys for Plaintiffs**
**H-D U.S.A., LLC and**
**Harley-Davidson Motor Company Group, LLC**